UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BRIAN KING, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:11-CV-963 CAS |
| ) | |
| D'OREAL N. FINNEY, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. Upon consideration of the financial information provided with the motion, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. As a result, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Additionally, the Court has reviewed the complaint and will order plaintiff to show cause why his case should not be dismissed for lack of jurisdiction.

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Id. at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. Id. at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." Id. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." Id. at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's conclusion is the most plausible or whether it is more likely that no misconduct occurred. Id. at 1950, 51-52.

**The Complaint**

Plaintiff, a resident of the State of New York and a member of the Illinois Bar, brings this action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. Named as defendants are several employees of the Missouri Department of Family Services, as well as plaintiff's ex-wife, Tammy Denise Carter.

Plaintiff complains that he has been treated unlawfully by defendants in relation to his various requests for modification of child support orders, the most recent modification request having been filed by plaintiff in July of 2010, after plaintiff lost his job.

In his complaint, plaintiff lists seventeen separate counts for relief all relating to disputes he has had with his ex-wife and the Missouri Department of Family Services over child custody and modification of support orders.

**Discussion**

Although the complaint is well-written and encompasses several years of purported unlawful behavior by defendants, it appears that it is subject to dismissal under the domestic relations exception to federal court jurisdiction. In sum, this Court lacks jurisdiction over the subject matter of this case, i.e., modification of orders relating to child support. Kahn v. Kahn, 21 F.3d 859, 861 (8th Cir. 1994) ("The domestic relations exception . . . divests the federal courts of jurisdiction over any action for which the subject is a divorce, allowance of alimony, or child custody."); Lannan v. Maul, 979 F.2d 627, 631 (8th Cir. 1992) ("child support obligations [are] within the domestic relations exception domain"). As a result, this action is likely subject to dismissal under Rule 12(h)(3) of the Federal Rules of Civil Procedure.

Generally, federal courts have no jurisdiction over domestic relations matters. See Ankenbrandt v. Richards, 504 U.S. 689, 703 (1992); In re Burrus, 136 U.S. 586, 593-94 (1890) ("The whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the state and not to the laws of the United States."). Rather, state courts have exclusive jurisdiction over these matters. Ankenbrandt, 504 U.S. at 703-04; Firestone v. Cleveland Trust Co., 654 F.2d 1212, 1215 (6th Cir. 1981) ("Even when brought under the guise of a federal question action, a suit whose subject is domestic relations generally will not be entertained in federal court."). Although this domestic relations exception to federal jurisdiction does not apply to a civil action that merely has domestic relations overtones, federal courts lack jurisdiction where the action is a mere pretense and the suit is actually concerned with domestic relations issues. See, e.g., Drewes v.

3

Ilnicki, 863 F.2d 469, 471 (6th Cir. 1988). Additionally, federal courts lack jurisdiction to review a case already litigated and decided in state court because only the United States Supreme Court has jurisdiction to correct state court judgments. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 & n.16 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923).

Although plaintiff's claims are drafted such that they appear to arise under the U.S. Constitution and several state laws, they are either directly related to or so interwoven with state child custody proceedings that subject matter jurisdiction does not lie in this Court. A careful reading of plaintiff's allegations illustrates that his issues with state workers have arisen as a direct result of his requests for child support modifications, and he is essentially asking Court to ascertain that defendants acted unlawfully in denying his requests for modifications. For example, plaintiff believes that several of the defendants acted in a retaliatory manner when denying his requests for modifications. Thus, in reviewing plaintiff's claims, this Court would have to inquire deeply into the propriety of the state court processes, or first ascertain whether defendants had a lawful reason to deny plaintiff's modification requests--a matter which squarely falls within the ambit of state law and any review of which would most likely violate the Rooker-Feldman doctrine.[1]

Moreover, there is no doubt that plaintiff could have sought an administrative appeal of the most recent denial of his modification request, or tried to maneuver the state court channels for review of the decision. Plaintiff has given no indication that his claims cannot receive a full and fair determination in state court, and it would appear that the state courts, where the custody and prior modification proceedings were held, would be better equipped to handle the issues that have arisen

---

[1] The Rooker-Feldman doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005).

4

in the course of plaintiff's interactions with defendants. See Overman v. U.S., 563 F.2d 1287, 1292 (8th Cir. 1977) ("There is, and ought to be, a continuing federal policy to avoid handling domestic relations exceptions cases in federal court in the absence of important concerns of a constitutional dimension. Such cases touch state law and policy in a deep and sensitive manner and as a matter of policy and comity, these local problems should be decided in state courts."). Further, in reading plaintiff's complaint, it is obvious that many if not all of plaintiff's claims could have been raised or asserted in any one of the several 2007 state court actions either initiated by plaintiff or in which plaintiff was a named defendant.

Plaintiff, as the party invoking federal jurisdiction, has the burden of persuading the Court that all of the requirements necessary to establish jurisdiction over this lawsuit have been met. Plaintiff will be given thirty (30) days to show cause why his case should not be dismissed for lack of jurisdiction under the domestic relations exception.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motions to amend/correct his financial affidavit are **GRANTED**. [Doc. 4, 9]

**IT IS FURTHER ORDERED** that plaintiff's motion to proceed in forma pauperis is **GRANTED**. [Doc. 2]

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint at this time.

**IT IS FURTHER ORDERED** that plaintiff shall show cause, within thirty (30) days of the date of this Order, why his case should not be dismissed for lack of subject matter jurisdiction.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  17th  day of August, 2011.